## WILLIAM HOLMES vs. EDWARD P. BALDWIN & al.

The poor debtor act of 1835 does not allow the service of the notice to the creditor to be made upon the attorney, except when the creditor resides without the State.

The *statutes* of 1839, upon the same subject, make the notice effectual although issued by a Justice or by the party, but do not change the time, or manner of serving it, or the person upon whom service should be made.

The return of an officer that he arrested the debtor on an execution on a certain day, and that he gave bond, must be considered as stating the day of arrest truly, until the contrary be made to appear.

The fact that the bond bears date upon a different day affords no satisfactory proof that the return was wrong.

Where the bond recites the amount of the debt, costs and fees, and is for double the amount thus stated, and there is no evidence that the statement is not correct, the obligors are bound by their declarations.

EXCEPTIONS from the District Court, for the Eastern District, ALLEN J. presiding.

Debt on a bond in the penal sum of $29,62. The judgment was for $14,05. In the statement of facts, it was said, that the notice was served on the plaintiff's attorneys, on *Feb.* 28, 1837, and that the debtor disclosed before two Justices on *March* 15, following; and that the Justices gave him a certificate directed to the jailer, reciting notice to the plaintiff's attorneys, and that the debtor was admitted to take the oath. In the execution and in the bond the plaintiff was called of *Bangor.* At the time of the issuing and service of the notice and ever since, the plaintiff, with his family, resided within the State, at *Hartford*, in the county of *Oxford.* The facts appear in the opinion of the Court.

The district Judge ordered judgment to be rendered in favor of the plaintiff, and the exceptions were thereupon filed by the defendant.

*A. W. Paine* argued for the defendants : —

1. The bond is void, because it bears date on the day the judgment was rendered, and recites in the condition that the debtor had been arrested on that day. *Stat.* 1821, c. 60, § 3; *Allen* v. *Stage Co.* 8 *Greenl.* 207. The arrest was illegal, and a bond to procure his release was void.

Holmes *v.* Baldwin.

2. The bond is not taken for twice the amount of the debt, costs and officer's fees, and therefore is not good as a statute bond. *Pease* v. *Norton,* 6 *Greenl.* 232. The debtor actually disclosed, and was wholly insolvent. If any damages should be recovered, they should be nominal. *Winthrop* v. *Dockendorff,* 3 *Greenl.* 156.

3. The conditions of the bond were complied with. The debtor did submit himself to examination, and was admitted to take the oath. The only irregularity, if any there was, was in the service of the notice. The plaintiff in his execution called himself of *Bangor,* and he was so styled in the bond. As the debtor could not find him there, he was not bound to follow him out of the county, and a service on his attorney was good. *Howe* v. *Reed,* 3 *Fairf.* 515.

4. But however defective the service may have been under the *stat.* of 1835, the statute of 1839 makes the service good; — at least so far as to permit the defendants to show that no actual damages have accrued to the plaintiff.

*Blake,* for the plaintiff.

1. The judgment was rendered *Oct.* 3, 1836, the execution was dated *Oct.* 7, 1836, and the arrest was made *Nov.* 18, 1836, as appears by the return of the officer on the execution. The arrest then was legal, and the bond is good though misdated by the defendants. They cannot take advantage of their own error or wrong.

2. The second objection rests only upon a mistake in point of fact. The bond was taken for double the amount for which the debtor was arrested, and no more.

3. There was no service of the notice. It cannot be made upon the attorney when the plaintiff lives within the State.

4. The *stat.* 1839 was intended to cure certain defects in the citations, but not to change the mode of service. That remains precisely as before. The citation in the present case would have been bad, unless remedied by that statute.

The opinion of the Court was drawn up by

SHEPLEY J. — By the agreed statement of facts it appears, that the judgment was rendered on the third day of *October,* the execution bears date on the seventh of *October,* and the officer's re-

turn upon it is of an arrest on the eighteenth of *November* and a discharge by giving bond, which bears date on the third of *October*, 1836. The return of the officer must be considered as stating the day of arrest truly until the contrary is made to appear. The date of the bond affords no satisfactory proof to the contrary; it is not the declaration of the officer but of the defendants; and the bond might well take effect from the day of the delivery. It recites the amount of the debt, and of the costs, and of the fees for execution; and of the officer's fees, and is for double the amount thus stated. No copy of the judgment or of the execution is produced, and no legal evidence is offered proving, that the defendants did not correctly state them in the bond, and they must abide by their own declaration.

The act of 1835 allows a service of the notification to be made upon the attorney only, when the creditor resides without the state. The notice being illegal is not cured by the certificate of the Justices, for it is agreed, that it recited only a notice to the attorneys of the plaintiff without deciding upon it.

It is contended, that this defect is cured by the statute of 1839, which provides, that if it shall appear, that the debtor prior to a breach of the bond had taken the oath after notice issued by himself or by a Justice of the Peace, " and served upon the creditor named in the bond, or upon the attorney of such creditor," the defendants shall have a right to a trial by a jury and to make certain defences named. It is quite evident, that this act did not intend to prescribe, what should be a legal service of the notice, for it does not determine how many days it shall be served before the time of taking the oath, nor by whom the service shall be made, nor whether it should be made by a copy or otherwise. It must have been the intention, that the service as to time and manner should be legal, as well as that it should be upon the person designated by law. The expressions, upon the creditor or upon the attorney of the creditor, are explained by the law to mean, upon the creditor when the law so requires, and upon the attorney, when that is permitted. If this be not the true construction no service could be good under the act of 1839, when made upon the clerk of the court or Justice issuing the execution in those cases where no creditor, attorney or agent resides within the

State, as provided by the statute of 1835. The object of the statute of 1839, as respects the notice, was to make the notification effectual although issued by a Justice or by the party, but it does not appear to have been intended to change the time, manner, or mode of serving it, or the person upon whom service should be made as provided by law.

*Exceptions overruled.*